IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| DANIEL F. RING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TECK-POGO, INC. and | ) | |
| SECURITAS SECURITY SERVICES | ) | |
| USA, INC., | ) | |
| | ) | Case No. 3:06-cv-00133-TMB |
| Defendants. | ) | |
| _____ | ) | |

**OPPOSITION TO MOTION TO REMAND TO STATE COURT
DUE TO LACK OF SUBJECT MATTER JURISDICTION
AND MOTION TO DISMISS TECK-POGO, INC.**

**I.    INTRODUCTION AND RELIEF REQUESTED**

Defendant Securitas Security Services USA, Inc. ("Securitas"), by and through its attorneys, DeLisio Moran Geraghty & Zobel, P.C., opposes Plaintiff's Motion to Remand To State Court Due to Lack of Subject Matter Jurisdiction. Securitas requests that this court dismiss Teck-Pogo, Inc. ("Teck-Pogo") with prejudice and deny remand.[1]

Plaintiff, Daniel Ring's ("Ring"), motion to remand is erroneously premised on two arguments:  (1) that this court lacks subject matter jurisdiction to hear claims involving the Alaska Wage and Hour Act; and (2) that diversity does not exist

---

[1] Teck-Pogo tendered this claim to Securitas and Securitas accepted the tender. Thus, Securitas moves this court on Teck-Pogo, Inc.'s behalf to dismiss it from this case.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____
(907) 279-9574

104689v4 – Opposition to Motion to Remand
*Ring v. Teck-Pogo/Securitas*; Case No.: 3:06-cv-00133-TMB; Page 1 of 12

because Teck-Pogo is a "real party" to this lawsuit.  Neither of these contentions is correct.

First, it is well-settled that a Federal District Court having diversity jurisdiction may hear a matter involving state common or statutory law.  Second, the undisputed affidavits of Teck-Pogo's General Manager and Securitas' Branch Manager establish that Teck-Pogo was not Ring's employer.  Ring cannot establish a cause of action against Teck-Pogo for unpaid overtime wages and should be dismissed with prejudice. Diversity, therefore, exists because the plaintiff is an Alaska resident and Securitas is a Delaware corporation.

## II.   STATEMENT OF FACTS

On February 14, 2006, Ring filed suit in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, as Case No. 3AN-06-5309 CI.  See Complaint.  The complaint named Teck-Pogo and Securitas as defendants.  Id.  Teck-Pogo is a corporation organized under the laws of the State of Alaska. See Exhibit A.  Securitas is a corporation organized under the laws of the state of Delaware with its principal place of business in New Jersey.  See Exhibit B, Affidavit of Lory Mace, Attachment 1.

Teck-Pogo owns and operates the Teck-Pogo mine located near Delta Junction, Alaska.  See Exhibit C, Affidavit of Robert

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

104689v4 – Opposition to Motion to Remand
*Ring v. Teck-Pogo/Securitas*; Case No.: 3:06-cv-00133-TMB; Page 2 of 12

Jacko ¶ 2. Teck-Pogo contracted with AMEC to provide various services related to the operation of the mine. Id. ¶ 3; see also Exhibit B. AMEC in turn contracted with Statwide/Gana A'Yoo, JV ("Statwide") to provide some of the mine related services. Id. ¶ 3. Statwide then contracted with Securitas to provide security and first aid services at the mine. Id.

In April of 2004, Ring completed a Securitas employment application for a Guard/Medic EMT-III position at the Teck-Pogo mine. See Exhibit C, Affidavit of Lory Mace ¶ 6, Attachment 3. On April 14, 2004, Securitas made Ring a contingent offer of employment. Id. at ¶ 7, Attachment 4. Ring accepted the offer, and Securitas provided him with required employment information and documentation. Ring completed a W-4, which advised Securitas regarding proper withholding of federal income taxes; acknowledged receipt of Securitas' Employment Handbook and its Policy Against Harassment; and authorized Securitas to direct deposit his wages and deduct wages for a security license. Id. at ¶ 7, Attachments 5, 6 & 7. Securitas was the only company/entity that supervised Ring and the only company/entity that had the authority to discipline or terminate his employment at the mine. Id. at ¶ 8. Securitas determined his classification as an employee entitled to overtime. Id. It determined his straight-time versus overtime hours, and paid his wages. Id.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

104689v4 – Opposition to Motion to Remand
*Ring v. Teck-Pogo/Securitas*; Case No.: 3:06-cv-00133-TMB; Page 3 of 12

Conversely, Teck-Pogo did not hire, supervise, discipline or have the authority to terminate Ring. <u>See</u> Exhibit C, Affidavit of Robert Jacko ¶ 5. Teck-Pogo did not pay his wages or have control over the determination of his entitlement to overtime. <u>Id.</u> ¶¶ 5, 6. Teck-Pogo was not Ring's employer and there was no employment relationship between Ring and Teck-Pogo. <u>Id.</u>; <u>see also</u> Exhibit A, Affidavit of Lory Mace.

### III. <u>LAW AND ARGUMENT</u>

**A. This Court Has Jurisdiction Because the Amount in Controversy Exceeds $75,000, and is between Citizens of Different States.**

The U.S. District Courts have original jurisdiction where a matter in controversy exceeds $75,000, and is between citizens of different states. 28 U.S.C. § 1332. The amount in controversy in this case exceeds $75,000, and complete diversity exists between Ring, an Alaska resident, and Securitas, a Delaware corporation. Ring's fraudulent joinder of Teck-Pogo does not destroy jurisdiction. This court should, therefore, deny Ring's Motion for Remand and dismiss Teck-Pogo with prejudice.

      1.  <u>Ring Cannot State a Cause of Action for Unpaid Overtime Wages Against Teck-Pogo Because it was Not his Employer and Cannot be Held Liable for Payment of Wages; Thus, Diversity is Not Destroyed by the Fraudulent Joinder of Teck-Pogo.</u>

A defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

for suing the non-diverse defendant.  <u>McCabe v. Gen. Foods Corp</u>, 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." <u>Id.</u> at 1339 (quoting Moore's Federal Practice (1986),¶ O.161[2]).  The defendant who has been fraudulently joined is disregarded for diversity purposes and is dismissed.  <u>Id.</u>  In the case at hand, Ring cannot state a cause of action against Teck-Pogo for unpaid overtime and related penalties under the Alaska Wage and Hour Act.  A claim for unpaid overtime lies only against an employer, and the undisputed affidavits of Teck-Pogo's General Manager and Securitas' Branch Manager establish that Teck-Pogo was not Ring's employer.  Thus, the joinder of Teck-Pogo was fraudulent and does not destroy diversity.

Fraudulent joinder is established where the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  <u>McNamera-Blad v. Ass'n of Prof'l Flight Attendants</u>, 1275 F.3d 1165, 1169 (9th Cir. 2002).  In determining whether joinder is fraudulent, a court may look beyond the pleadings and examine the factual record.  <u>TPS Utilicom Servs., Inc. v. AT&T Corp.</u>, 233 F.Supp.2d 1089, 1102 (C.D. Cal. 2002).  "Whether or not a plaintiff may recover on the stated claims

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104689v4 – Opposition to Motion to Remand
*Ring v. Teck-Pogo/Securitas*; Case No.: 3:06-cv-00133-TMB; Page 5 of 12

against the resident defendant does not include consideration of whether, with further discovery, the plaintiff may uncover a factual basis for its claims." <u>Id.</u>  Instead of focusing on the "mental state" of the plaintiff, the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant.  <u>Davis v. Prentiss Prop. Ltd., Inc.,</u> 66 F.Supp.2d 1112, 1114 (C.D. Cal. 1999).  Here, Ring's claim for overtime wages lies against his employer. Teck-Pogo did not employ Ring; thus, the standard for proving fraudulent joinder is met.

To determine whether Defendant Teck-Pogo was fraudulently joined to defeat diversity jurisdiction, the court must return to the initial inquiry that "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." <u>McCabe</u> at 1339.  This Court may look to the pleadings for assistance in this decision, and should, therefore, turn to the causes of action brought by Ring under the Alaska Wage and Hour Act -- AS 23.10.110, AS 23.10.060 and AS 23.05.140.  <u>See</u> Complaint.  Each of these sections is premised on the relationship between an employee and employer.  <u>See</u> AS 23.10.110, AS 23.10.060 and AS 23.05.140. Thus, the key to the court's determination as to Teck-Pogo's

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

fraudulent joinder rests on whether Teck Pogo was Ring's employer.

The Alaska Wage and Hour Act provides that the definitions of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201-219, are incorporated therein. AS 23.10.145. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203. This definition was purposely given an expansive interpretation in order to effectuate the FLSA's broad purposes.

The Ninth Circuit has held that, "whether an employment relationship exists depends on the economic reality of the employment situation." Hale v. State of Arizona, 967 F.2d 1356, 1364 (9th Cir. 1992). The test to determine economic reality looks to four factors: "whether the alleged employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment, and (4) maintained employment records." Id.; Bonnette v. California Health and Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983). One of the critical elements in determining whether there is an employment relationship is whether the employer pays a wage to the employee. Bonnette at 1470. Since only an employer pays a wage to an employee, the employee may only bring a dispute

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

————

(907) 279-9574

regarding wages against the employer. <u>See</u> AS 23.10.110 ("An action to recover from the employer the wages and damages for which the employer is liable may be maintained in a competent court by an employee personally . . ."). In the instant case, the affidavits of Teck-Pogo's General Manager and Securitas' Branch Manager show that Teck-Pogo does not meet the test for an employer.

The affidavits of Lory Mace and Robert Jacko show that Securitas was Ring's employer – not Teck-Pogo. Securitas offered Ring employment, hired him, set his schedule, determined his entitlement to overtime, paid his wages, and supervised his work. <u>See</u> Exhibit B ¶¶ 6, 7. Securitas' employment file and records for Ring support this. <u>Id.</u>, Attachments 2-7. Conversely, Teck-Pogo did not hire Ring, did not supervise his work, dictate his work schedule, determine his entitlement to overtime, or pay his wages. <u>See</u> Exhibit C ¶¶ 5, 6 and Exhibit B ¶ 8. All of these duties were fulfilled by Securitas, Plaintiff Ring's actual employer. <u>See</u> Exhibit B.

Ring offers no support for his claim that Teck-Pogo is a real party in interest. Rather, he speculates and states that he "<u>believes</u> that Teck-Pogo is the real party to this lawsuit as an employer as defined by the Alaska Wage and Hour Act because it is the owner of the mine at which plaintiff worked." <u>See</u>

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Plaintiff's Motion to Remand, p. 2 (emphasis added). Ring's belief is wrong, and ownership of the mine does not establish an employment relationship.

The factual record shows that Teck-Pogo does not satisfy the test for an employment relationship with Ring. Since Teck-Pogo was not Ring's employer and did not pay his wages, Ring cannot maintain a cause of action against it for unpaid overtime. Teck-Pogo, therefore, should be dismissed from this suit, and jurisdiction should remain with this court because there is complete diversity between Ring and Securitas.

    2.   The claims put forth by Ring exceed $75,000.

In addition to diversity of the parties, federal jurisdiction requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Ring does not contest Securitas' contention that the matter in controversy potentially exceeds $75,000. See Plaintiff's Motion to Remand. To be clear, Securitas views Ring's claims as having no merit whatsoever. However, so that there is no question concerning the jurisdiction of this court, Securitas offers the following proof that Plaintiff's claims exceed $75,000, exclusive of interests and costs.

Ring seeks damages for overtime pay while he was allegedly on-call. Securitas' employment records indicate that overtime

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

for the alleged on-call time equals approximately $34,845.18. See Exhibit D. Ring also claims an equal amount in liquidated damages, plus penalties for the failure to pay wages within three days. See Plaintiff's Complaint (citing AS 23.05.140[2]). The total damages claimed equal approximately $85,299.60. The claimed damages exceed the jurisdictional minimum required and the amount in controversy element of diversity jurisdiction is satisfied.

**B.    This Court May Hear a State Law Claim Where there is Diversity Between the Parties.**

Ring claims, without support, that this court does not have subject matter jurisdiction because his claims are based upon the Alaska Wage and Hour Act. It is well-established that where the basis of federal jurisdiction alleged in a civil suit involving a state law claim is diversity of citizenship, the federal court will apply state law. Miree v. DeKalb Cty., 433 U.S. 25 (1977); see also Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938)(holding that federal courts sitting in diversity cases should apply state substantive law and federal procedural law). The authority cited above undermines Ring's blanket contention that this court has no subject matter jurisdiction.

---

[2] These penalties are equal to "the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days whichever is lesser." Plaintiff Ring's straight time wage $21.68 per hour; thus, for 90 days working eight hour days, Ring would be entitled to $15,609.60.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

**IV.** **CONCLUSION**

This court has jurisdiction over this matter based upon the diversity of the parties. Teck-Pogo, a non-diverse party, does not destroy diversity because it was fraudulently joined. Ring cannot establish a cause of action for unpaid overtime wages against Teck-Pogo because it was not his employer. Thus, diversity is not destroyed by the fraudulent joinder of Teck-Pogo. Diversity jurisdiction further exists because the amount in controversy exceeds $75,000.

Lastly, the fact that Ring's claim is based upon the Alaska Wage and Hour Act does not deprive the court of jurisdiction. Securitas, therefore, requests that the court dismiss Teck-Pogo and deny Ring's motion for remand.

DATED this 15th day of August, 2006, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for Defendant
Securitas Security Services USA, Inc.

/s/ Danielle M. Ryman
By: _____
Danielle M. Ryman
Bar No. 9911071
E-Mail: dryman@dmgz.com
943 West 6th Avenue
Anchorage, Alaska 99501
Telephone: (907) 279-9574
Facsimile: (907) 276-4231

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
___

(907) 279-9574

104689v4 – Opposition to Motion to Remand
*Ring v. Teck-Pogo/Securitas;* Case No.: 3:06-cv-00133-TMB; Page 11 of 12

This is to certify that a true copy of
the foregoing was served via electronic
service and/or U.S. Mail this 15th day
of August, 2006, to the following:

Kenneth W. Legacki, Esq.
425 "G" Street, Ste. 920
Anchorage, AK  99501


   /s/ Juliana Wood
By _____
     Juliana Wood

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

104689v4 – Opposition to Motion to Remand
*Ring v. Teck-Pogo/Securitas*; Case No.: 3:06-cv-00133-TMB; Page 12 of 12