Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff
Daniel F. Ring, Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL F. RING, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | ) |
| | ) |
| TECK-POGO, INC., and SECURITAS | ) |
| SECURITY SERVICES USA, INC., | ) |
| | ) |
|     Defendants. | ) Case No. 3:06-cv-0133-TMB |
| | ) |

**PLAINTIFF'S RESPONSE TO
OPPOSITION TO MOTION TO REMAND TO STATE COURT
DUE TO LACK OF SUBJECT MATTER JURISDICTION
AND OPPOSITION TO MOTION TO DISMISS TECK-POGO, INC.**

Defendant Securitas readily admits that Teck-Pogo, Inc., is a resident

of the state of Alaska, but argues that Teck-Pogo should not be a party to this lawsuit. There is no dispute that no diversity exists between the parties. The seminal question is whether Securitas has standing to raise the issue for another defendant to determine their status in this case.

Teck-Pogo has not responded to the complaint filed against it, nor has it made an entry of appearance in this matter; yet, it is still a party to this lawsuit. It is not clear whether Teck-Pogo was even given notice of the removal petition. No discovery has been done and the initial disclosures have not even been exchanged. Nevertheless, nowhere has Defendant Securitas raised in its brief the joint employment relationship as defined under the Fair Labor Standards Act, 29 C.F.R. § 791.2.

Alaska looks to the Fair Labor Standards Act when the Alaska statutes are silent. See McGinnis v. Stevens, 543 P.2d 1221 (Alaska 1975).

Plaintiff Ring asserts the Affidavit of Robert Jacko, attached as Exhibit C to the Opposition to the Motion To Remand, shows that there exists a joint employment relationship. Teck-Pogo owns and operates the Teck-Pogo mine. Securitas Security Services was to provide security and first aid personnel and equipment at the mine. Daniel Ring, who was hired by Securitas, also gave aid and comfort and worked for all other employees at the Teck-Pogo mine

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S RESPONSE TO OPPOSITION TO MOTION TO REMAND TO STATE COURT AND OPPOSITION TO MOTION TO DISMISS TECK-POGO, INC.
Ring v. Teck-Pogo and Securitas - Case No. 3:06-cv-0133-TMB
Page 2 of 5

because he had to respond in an emergency to any other employee. Teck-Pogo, as the owner of the mine, was responsible for everything that occurred at the mine.

Teck-Pogo readily admits that it retained Securitas to provide emergency medical care on the jobsite. Therefore, Securitas is acting directly or indirectly in the interests of Teck-Pogo in relation to any employee of the mine. The joint employment relationship exists when, as 29 C.F.R. § 791.2 states:

> (a) A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938, since there is nothing in the act which prevents an individual employed by one employer from also entering into an employment relationship with a different employer. . . . On the other hand, if the facts establish that the employee is employed jointly be two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek. . . .
>
> . . . .
>
> (b) Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S RESPONSE TO OPPOSITION TO MOTION TO REMAND TO STATE COURT AND OPPOSITION TO MOTION TO DISMISS TECK-POGO, INC.
Ring v. Teck-Pogo and Securitas - Case No. 3:06-cv-0133-TMB
Page 3 of 5

> . . . .
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or,
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2 (footnotes omitted).

Therefore, since Teck-Pogo readily admits that it hired Securitas to provide emergency medical care on the mine site and Securitas was working directly or indirectly on behalf of Teck-Pogo, under the law there is a joint employment relationship between Teck-Pogo and Plaintiff Daniel Ring.

Since Securitas readily admits that Teck-Pogo is a resident of the state of Alaska, there is no diversity of citizenship in this lawsuit. It is mandatory for the Court, because it does not have jurisdiction, to remand the case back to state court.

Therefore, in order to save judicial economy and judicial resources, and not have at some future date this matter remanded back to state court, this Court should remand the matter now to the state court and allow the litigation to

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S RESPONSE TO OPPOSITION TO MOTION TO REMAND TO STATE
    COURT AND OPPOSITION TO MOTION TO DISMISS TECK-POGO, INC.
Ring v. Teck-Pogo and Securitas - Case No. 3:06-cv-0133-TMB
Page 4 of 5

continue.

        DATED this 1st day of September, 2006, at Anchorage, Alaska.

                KENNETH W. LEGACKI, P.C.
                Attorney for Plaintiff

                By   s/Kenneth W. Legacki
                    Kenneth W. Legacki
                    Alaska Bar No. 8310132
                    425 G Street, Suite 920
                    Anchorage, AK 99501
                    Phone: (907) 258-2422
                    Fax: (907) 278-4848
                    E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 1st day of September, 2006, a copy of the foregoing document was electronically served on:

Danielle M. Ryman
DeLisio Moran Geraghty & Zobel

      s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

PLAINTIFF'S RESPONSE TO OPPOSITION TO MOTION TO REMAND TO STATE COURT AND OPPOSITION TO MOTION TO DISMISS TECK-POGO, INC.
Ring v. Teck-Pogo and Securitas - Case No. 3:06-cv-0133-TMB
Page 5 of 5