IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL F. RING, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TECK-POGO, INC. and | ) |
| SECURITAS SECURITY SERVICES | ) |
| USA, INC., | ) |
| | ) Case No. 3:06-cv-00133-TMB |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR ATTORNEY FEES RE: MOTION FOR REMAND**

I.  INTRODUCTION

Defendant, Securitas Security Services USA, Inc. ("Securitas"), by and through its attorneys DeLisio Moran Geraghty & Zobel, P.C. opposes Plaintiff, Daniel Ring's ("Ring"), motion for attorney fees.[1]  In Martin v. Franklin Capital Corp., 163 L. Ed. 2d 547 (2005), a unanimous Supreme Court held that attorney's fees under § 1447(c) may be awarded

---

[1] Securitas acknowledges that the Court's order on remand allowed briefing on the reasonableness of fees and costs.  Securitas, however, respectfully requests that the court first apply the standard recently announced by U.S. Supreme Court for an award of attorney's fees under 28 U.S.C. § 1447(c).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Page 1 of 10

108156 – Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand

**only where the removing party lacked an objectively reasonable basis for seeking removal.** Id. at 554 (emphasis added). Conversely, when an objectively reasonable basis exists, fees should be denied. Id. The Martin Court instructed that attorney's fees should not be automatically awarded upon remand. Id. at 552-53. Rather, fees should be awarded only where there is evidence that removal was sought to prolong litigation, or for some other improper purpose. Id. at 555.

Securitas' Notice of Removal was not filed for an improper purpose. Removal was factually supported by affidavits and legally supported by relevant case law. Remand, however, was ultimately ordered on the basis that Teck-Pogo may be a proper party under the "joint employer" theory. This theory, however, was asserted by Ring for the first time in his Reply Brief. It was not pled in the complaint, and was not argued initially in Ring's Motion to Remand to State Court.

Securitas timely removed the case to Federal Court in good faith and upon sound legal basis. Securitas had an objectively reasonable basis for removal and, therefore, asks this court to decline Ring's request for attorney's fees.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

## II. LAW AND ARGUMENT

A. Securitas had an Objectively Reasonable Basis for Removal and Attorney's Fees are Not Justified.

The standard for attorney's fees upon remand turns on the reasonableness of the removal. Martin v. Franklin Capital Corp., 163 L. Ed. 2d 547, 555 (2005). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Id. Conversely, when an objectively reasonable basis exists, fees should be denied. Id. Here, Securitas had a good faith basis to remove this case and fees upon remand are not proper.

In Martin v. Franklin Capital Corp., supra, the U.S. Supreme court resolved a conflict among the Circuits concerning when attorney's fees should be awarded under 28 U.S.C. § 1447(c). The Martins' filed a class action suit against Franklin Capital Corporation, and Franklin removed alleging diversity. In the removal notice Franklin acknowledged that the amount in controversy was not clear from the face of the complaint but argued that this requirement for federal diversity jurisdiction was nonetheless satisfied. In so arguing, Franklin relied in

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

108156 – Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand

part on precedent suggesting that punitive damages and attorney's fees could be aggregated in a class action to meet the amount-in-controversy requirement. The Martins moved to remand to state court and requested attorney fees. The Tenth Circuit affirmed the lower court's denial of fees and the Martins appealed.

The Martins argued that attorney's fees should be awarded automatically on remand, or, in the alternative, that there should at least be a strong presumption in favor of awarding fees. The Court rejected this reasoning and explained,

> Section 1447(c), however, provides that a remand order "may" require payment of attorney's fees--not "shall" or "should." As Chief Justice Rehnquist explained . . . '[t]he word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.' Congress used the word "shall" often enough in § 1447(c) --as when it specified that removed cases apparently outside federal jurisdiction "shall be remanded"--to dissuade us from the conclusion that it meant "shall" when it used "may" in authorizing an award of fees.

<u>Martin</u> at 552-53. The Court also rejected the argument that there is a presumption in favor of awarding fees to a prevailing party. The Court stated,

> . . . had Congress intended to award fees as a matter of course to a party that successfully obtains a remand, we think that '[s]uch a bold departure from

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

> traditional practice would have surely drawn more explicit statutory language and legislative comment.'

Martin at 553 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517,534 (1994)).

The Martin Court explained that the appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter. Martin at 555 (emphasis added). Given these considerations the Court held,

> . . . the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Id. (citing Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (CA5 2000)). The Court then gave as an example where an award of attorney's fees would be proper, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction. Martin at 555. There was no evidence in Martin that removal was unjustifiably delayed or pursued to prolong litigation, and the Court consequently denied attorney's fees.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Page 5 of 10

108156 - Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand

Since <u>Martin</u>, lower courts have found that attorney fees under § 1447(c) should serve a deterrent purpose - namely deterring "frivolous or vexatious removals." <u>Access Group, Inc. v. Frederico</u>, 2006 DNH 131 (D.N.H. 2006); <u>see also</u> <u>Harvard Real Estate-Allston Inc. v. Kmart</u>, 407 F. Supp. 2d 317 (D. MA 2005)(attorney fees awarded where evidence of unreasonable delay in filing of removal). In the case at hand, however, there is no evidence to even suggest that Securitas sought removal for an improper purpose. The facts and legal bases for Securitas' removal show that removal was objectively reasonable.

Securitas had a well-substantiated basis to conclude that Teck-Pogo was joined for the purpose of destroying diversity. <u>See</u> Docket 9, Affidavits of Lory Mace and Robert Jacko. There is no allegation in Ring's complaint that Teck-Pogo was a joint employer with Securitas. <u>See</u> Plaintiff's Complaint. When Ring filed his motion for remand he never alleged or argued the joint employment theory of liability against Teck-Pogo. <u>See</u> Docket 5. Importantly, Ring argued the joint employer theory of liability for the first time in his response to Securitas' opposition to remand. <u>See</u> Docket 13. Securitas had no opportunity to respond to this new argument, and despite the court's finding that the

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

Page 6 of 10

108156 - Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand

joint employer theory defeated removal, it should not serve as grounds for finding that removal was unreasonable.

Securitas offered the sworn affidavits of its manager and Teck-Pogo's manager to support its argument that Teck-Pogo was not Ring's employer. Securitas, thus, had a sound factual and legal basis upon which to remove this case to federal court based upon diversity jurisdiction.

This court ultimately remanded to state court after applying the joint employer analysis. See Docket 21. The court's order suggests that if even one of the Torres-Lopez factors supporting joint employment were satisfied, then it had no jurisdiction. See id. As stated, Securitas had no opportunity to respond to Ring's joint employer theory, and thus could not address the factors. Despite this court's decision to remand, Securitas had factually and legally supported grounds for removal. That this court held that the facts were not sufficient to allow for removal does not support the conclusion that it was unreasonable to pursue removal.

The Martin court expressly cautioned against the automatic award of attorney's fees upon remand. Martin at 552. This court, therefore, should not automatically award attorney's fees to Ring simply because he prevailed in remanding this case on a

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Page 7 of 10

108156 - Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand

theory that was not rigorously argued or briefed by him. The facts supporting Securitas' notice of removal and the legal authority argued show that Securitas had an objectively reasonable basis for removal. Attorney's fees should not be awarded.

**B.   Ring has Not Established that his Fees are Reasonable.**

In calculating an award of attorney's fees, a court shall employ the lodestar methodology. McGrath v. City of Nevada, 67 F.3d 248, 252 (9th Cir. 1995); see also Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1134 (10th Cir. 2001) (holding that district courts should "ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable"); Albion Pac. Prop. Res., LLC v. Seligman, 329 F. Supp. 2d 1163, 1166-73 (N.D. Cal. 2004) (employing the lodestar approach in awarding attorney fees under § 1447(c)). Under the lodestar approach, the court "must determine 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The movant bears the burden of establishing the reasonableness of the claimed hourly rates and hours billed. Blum v. Stenson, 465 U.S. 886, 895 n.11

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Page 8 of 10

108156 - Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand

(1984). One of the factors to be considered in determining the reasonableness of a fee includes the fee customarily charged in the locality for similar legal services, as well as whether the fee is fixed or contingent. Id.

Here, counsel for Ring generally avers that his rate of $250 per hour is a reasonable fee. He has not, however, established that this rate is in line with the local market rate in Alaska for such work. See Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1190 (1st Cir. 1996)(proof of the reasonableness of proposed attorney fee is the rate customarily charged in the local legal market). He generally states that "[a] rate of $250 per hour for Mr. Legacki is a reasonable fee and is the same fee charged by management attorneys in comparable cases." See Docket 22, p. 2. But there is no factual support for this assertion, and Ring has not met his burden of proving the reasonableness of his proposed rate. Ring's counsel further does not offer any evidence that his proposed hourly rate is the agreed upon fee between he and his client for legal services.

Ring has not met his burden of proving the reasonableness of his proposed hourly rate. Should this court conclude that fees should be awarded, the proposed fees should be reduced to reflect the local Anchorage attorney market.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Page 9 of 10

108156 - Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand

### III. CONCLUSION

Securitas had an objectively reasonable basis for removing this case to federal court. Attorney's fees should not be awarded because Securitas did not remove to prolong litigation or for some other improper purpose. Nevertheless, should this court opt to award attorney's fees, such fees should be substantially reduced.

DATED this 25th day of January, 2007, at Anchorage, Alaska.

         DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
         Attorneys for Defendant
         Securitas Security Services USA, Inc.
         & Teck-Pogo, Inc.

         By: /s/ Danielle M. Ryman
           Danielle M. Ryman
           Bar No. 9911071
           E-Mail: dryman@dmgz.com
           943 West 6th Avenue
           Anchorage, Alaska 99501
           Telephone: (907) 279-9574
           Facsimile: (907) 276-4231

This is to certify that a true copy of
the foregoing was served via electronic
service and/or U.S. Mail this 25th day of
January, 2007, to the following:

Kenneth W. Legacki, Esq.
425 "G" Street, Ste. 920
Anchorage, AK 99501

By /s/ Cheryl Eelbode

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Page 10 of 10

108156 - Defendant Securitas Response to Plaintiff's
Motion for Attorney Fees Re: Motion for Remand