IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL F. RING, JR.,<br><br>              Plaintiff,<br><br>  vs.<br><br>TECK-POGO, INC., and<br>SECURITAS SECURITY SERVICES<br>USA, INC.,<br><br>              Defendants. | Case No. 3:06-cv-133  TMB<br><br>**ORDER RE: ATTORNEY FEES** |

      Plaintiff brought suit on February 14, 2006, against Defendants Teck-Pogo, Inc. ("Teck-Pogo") and Securitas Security Services USA, Inc. ("Securitas"), in state court, seeking to recover unpaid overtime compensation under the Alaska Wage and Hour Act.  Securitas, a Delaware corporation,  removed this matter to Federal Court on June 2, 2006, alleging that this Court had diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  Plaintiff asserted that since Teck-Pogo is an Alaska entity, and since all claims were brought under state law, a remand to state court was required due to a lack of complete diversity.  Plaintiff moved for an order of remand and requested attorney fees associated with the removal pursuant to 28 U.S.C. § 1447(c).  Securitas argued that Teck-Pogo was not Plaintiff's "employer," and therefore was fraudulently joined in this matter solely to defeat diversity.

      This Court concluded that because 28 U.S.C. § 1441(a) is strictly construed against removal jurisdiction, and because it did not appear that Ring's claim against Teck-Pogo was fraudulent, this matter should be remanded.  Plaintiff now moves for attorney fees in the amount of $1,125.00.  Defendants oppose the motion for attorney fees, and Plaintiff has replied.

1

In *Martin v. Franklin Capital Corp.*,[1] the Supreme Court addressed the proper standard for awarding attorney's fees when remanding a case to state court. It held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[2] In *Martin*, the Supreme Court affirmed a denial of attorney fees, noting that the remand issue was a "close question."[3]

In this matter, the Court found the issue of whether Teck-Pogo was a joint employer to be a close question. The remand question turned on the joint employer issue. As discussed in the underlying order, the parties briefed the joint employer issue only with respect to the four factor test under *Bonnette v. California Health & Welfare Agency*.[4] The Court found that Ring's claim against Teck-Pogo would likely fail under the four *Bonnette* factors.

However, neither party briefed the eight secondary factors under *Torres-Lopez v. May*,[5] which also may be considered to determine whether a joint employer relationship exists. Ultimately, the Court found that because the definition of "employer" under the FLSA is to be interpreted broadly, and because more than one of the *Torres-Lopez* factors supported Ring's argument, Ring may have a valid claim against Teck-Pogo as a joint employer. Accordingly, this Court found that the joinder was not fraudulent, and remand was appropriate because complete diversity was lacking.

Given that the prevailing party on the remand motion did not brief the law that ultimately won the day, an award of attorney fees is unwarranted.

---

[1] 546 U.S. 132, 126 S.Ct. 704 (2005).

[2] *Id.*, at 141.

[3] *Id.*

[4] 704 F.2d 1465 (9th Cir. 1983).

[5] 111 F.3d 633, 640 (9th Cir. 1997).

## CONCLUSION

Plaintiff's Motion for Attorney Fees at Docket 22 is DENIED.

Dated at Anchorage, Alaska, this 17th day of September, 2007.

                                                s/ Timothy M. Burgess

                                                Timothy M. Burgess
                                                United States District Judge